UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ROBERT J. PETRO, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:21-cv-02474-JPH-KMB |
| | ) |
| SHELBYVILLE POLICE DEPARTMENT, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**ORDER DENYING MOTION FOR EXTENSION OF TIME**

Presently before the Court is Plaintiff Robert J. Petro, Jr.'s motion for extension of time. Dkt. 71. Mr. Petro does not say what deadline he seeks to extend, but the Court infers that he is referring to the most recent deadline in this case, which is the deadline to object to Magistrate Judge Barr's Report and Recommendation that Mr. Petro's claims be dismissed for failure to prosecute after Mr. Petro did not appear at a telephonic status conference. Dkt. 67.

Magistrate Judge Barr's Report and Recommendation was issued on May 31, so Mr. Petro had until June 15 to object to it. Fed. R. Civ. P. 72(b)(2). He did not object in that period. Instead, he filed this motion the next day, June 16. Dkt. 71.[1] In it, he states that he "was in a very bad car wreck on May 11th, 2023," and that he almost died, so he needs a 30-day extension. *Id.* at 1.

---

[1] On June 20, the Court adopted the Report and Recommendation, dismissed Mr. Petro's case for failure to prosecute, dkt. 69, and entered final judgment, dkt. 70. This motion for an extension of time was electronically docketed on June 21 but was actually filed in the clerk's office on June 16, which is before the Court closed the case. As such, the Court considers the motion as filed before the ruling on the Report and Recommendation and issuance of final judgment.

1

Mr. Petro's motion, dkt. [71], is **DENIED**. First, since it was made "after the time ha[d] expired" to object, it can only be granted if Mr. Petro "failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). And that does not appear to be the case here. The Court is sympathetic to the fact that Mr. Petro got into a serious car accident, but he had ample time to inform the Court of his condition. His accident happened four days before the most recent status conference was scheduled, dkt. 66, almost three weeks before it was held, dkt. 67, and almost a month before objections to Magistrate Judge Barr's Report and Recommendation were due. In that time, he could have informed the Court of his condition and corresponding need for a continuance of the status conference and/or the deadline to object, but he did not do so. Thus, any neglect on Mr. Petro's part was not "excusable." Fed. R. Civ. P. 6(b)(1)(B); *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993) (determining that "excusable neglect" is an equitable determination that consists of "the danger of prejudice to the [defendant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith").

Second, Mr. Petro's request for an extension is consistent with his dilatory approach to this lawsuit that has been evident from the beginning of the case. Ten days after he brought his lawsuit, he asked for an extension of time to "review his case," dkt. 7, which was denied since he "chose to file this case when he did," dkt. 8. He then failed to appear at an August 2022 status

conference, dkt. 39, and was ordered to show cause why he should not be sanctioned, dkt. 40. The day after his deadline to do so, he asked for an extension of time, dkt. 42, which the Magistrate Judge construed as a sufficient response to the show-cause order, dkt. 43. And then he failed to appear at the May 31 status conference, dkt. 67, even though he was told that "if he does not attend this Telephonic Hearing, the undersigned Magistrate Judge will recommend to the District Judge that his case be dismissed for . . . failure to prosecute," dkt. 66 at 2.

In sum, Mr. Petro missed his deadline to object to the Report and Recommendation that his case be dismissed. And given his repeated delays and failures to appear in this case, the Court will not give him any more time to do so. Final judgment has been entered and this case remains closed.

**SO ORDERED.**

Date: 6/23/2023

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

ROBERT J. PETRO, JR.
1638 E. Wade St.
Indianapolis, IN 46203

All electronically registered counsel

3